Chester Rothstein (CR 1417)
Michael P. Kenney (MK 0740)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000

Attorneys for Plaintiffs
Stuart Weitzman IP, LLC and
Stuart Weitzman, LLC



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -x

STUART WEITZMAN IP, LLC, and
STUART WEITZMAN, LLC,

                Plaintiffs

            v.

J.C. PENNEY, INC. and MARK TUCKER, INC.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -x

**Judge Pauley**

**08 CV 00413**

Civil Action No.: 08-CV_____

ECF Case

**COMPLAINT**

## COMPLAINT

    Stuart Weitzman IP, LLC and Stuart Weitzman, LLC (hereinafter collectively and individually referred to as "Plaintiffs") through their attorneys, complaining of J.C. Penney, Inc. and Mark Tucker, Inc. (hereinafter collectively referred to as "Defendants"), allege as follows:

### THE PARTIES

    1.    Plaintiff Stuart Weitzman IP, LLC, (hereinafter "SWIP, LLC") is a limited liability company organized and existing under the laws of the State of Delaware

387969.1

with an office at 2400 East Commercial Blvd. #506, Ft. Lauderdale, FL 33308. SWIP, LLC is transacting and doing business within this judicial district.

      2.    Plaintiff Stuart Weitzman, LLC (hereinafter "SW, LLC") is a limited liability company organized and existing under the laws of the State of Delaware with an office at 50 West 57th St, New York, NY 10019. SW, LLC is transacting and doing business within this judicial district.

      3.    Upon information and belief, defendant J.C. Penney, Inc., (hereinafter "J.C. Penney") is a corporation organized and existing under the laws of the State of Delaware, having a principal office 6501 Legacy Drive, Plano, Texas 75024 and place of business at Bay Plaza Mall, 100 Baychester Ave, Bronx, NY 10475. J.C. Penney is transacting and doing business as a retailer of footwear and other products within this judicial district, is committing the acts complained of herein within this judicial district, and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

      4.    Upon information and belief, defendant Mark Tucker, Inc., (hereinafter "Mark Tucker") is a corporation organized and existing under the laws of the State of New York, having a principal office and place of business at 1370 Avenue of the Americas, New York, NY 10019. Mark Tucker is transacting and doing business as an importer and distributor of footwear and other products within this judicial district, is committing the acts complained of herein within this judicial district, and is subject to

the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

5.    This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§1331 and 1338.

6.    Venue is proper pursuant to 28 U.S.C. §§1391 and 1400(a).

7.    This Court has personal jurisdiction over defendant J.C. Penney under Rule 4 of the Federal Rules of Civil Procedure, in that J.C. Penney has committed acts of patent infringement within the State of New York and this judicial district.

8.    This Court has personal jurisdiction over defendant Mark Tucker under the Rule 4 of the Federal Rules of Civil Procedure, in that Mark Tucker has committed acts of patent infringement within the State of New York and this judicial district.

## BACKGROUND

9.    Plaintiffs are engaged, *inter alia*, in the design, manufacture, marketing, distribution, and sale of high quality and distinctive footwear. Plaintiffs' shoes are sold directly to consumers through "STUART WEITZMAN" retail stores and on Plaintiffs' website (www.stuartweitzman.com). Plaintiffs also distribute shoes to retail stores unaffiliated with Plaintiffs.

10.    Plaintiffs currently sell in the United States a woman's shoe under the trademark "CHITCHAT". A true and correct copy of the relevant portion of a webpage showing Plaintiffs' CHITCHAT shoe is attached as Exhibit A.

11.    The CHITCHAT shoe was designed by employees of Plaintiffs.

12.    On June 26, 2007, United States Design Patent No. 545,038 for a "WOMAN'S SHOE" ("the '038 Patent") was duly and legally issued to SWIP, LLC. The '038 Patent is valid and subsisting and is entitled to a presumption of validity under 35 U.S.C. § 282. A true and correct copy of the '038 Patent is attached as Exhibit B.

13.    Plaintiffs' CHITCHAT shoe is a commercial embodiment of the '038 Patent.

14.    SW, LLC is exclusively licensed under the '038 Patent.

15.    Upon information and belief, Defendants manufacture, offer for sale, sell and/or import in and into the United States shoes which infringe the '038 Patent, which shoes include "MISS BISOU® 'SYDNEY' PATENT PEEP-TOE FLAT" (hereinafter "the SYDNEY Shoe"). All sizes and colors of the SYDNEY Shoe are designated with J.C. Penney Item No. FC022-2703Q. True and correct copies of several web pages from www.jcpenney.com on January 7, 2008, offering the SYDNEY Shoe for sale, are attached as Exhibit C.

16.    Upon information and belief, J.C. Penney sent an actual sample of Plaintiff's CHITCHAT shoe, or a copy of Plaintiff's CHITCHAT shoe, to Mark Tucker with

a request for Mark Tucker to source virtually identical copies to be sold in competition with CHITCHAT.

17.    On or about August 10, 2007, Plaintiffs notified third party Sears Holdings Corporation (hereinafter "Sears") of its rights conferred by the '038 Patent and of Sears' infringement of the '038 Patent by its sale of the "PERSONAL IDENTITY STARLET" shoe. A true and correct copy of the August 10, 2007 notice letter to Sears is attached as Exhibit D.

18.    On or about August 28, 2007, counsel for Plaintiffs received a telephone call from Mark Galis, outside counsel for Sears. Mr. Galis stated that Jim Shoemaker, outside counsel for Mark Tucker, would be calling counsel for Plaintiffs to discuss Plaintiffs' assertion of the '038 Patent. Mark Tucker was identified by Sears as the distributor that provided Sears with the PERSONAL IDENTITY STARLET shoe.

19.    On information and belief, Sears' PERSONAL IDENTITY STARLET shoe is manufactured, imported and/or distributed by Mark Tucker.

20.    On information and belief, Mark Tucker received actual notice of the existence of Plaintiffs' '038 Patent and Plaintiffs' allegation of infringement of the '038 Patent by the PERSONAL IDENTITY STARLET shoe no later than August 28, 2007.

21.    On information and belief, the PERSONAL IDENTITY STARLET shoe and the SYDNEY shoe are essentially identical to one another and both shoes are manufactured for or by Mark Tucker, imported, offered for sale and sold by Mark Tucker

under different trademarks for distribution to different retail customers, e.g. Sears and J.C. Penney:



PERSONAL IDENTITY STARLET                    SYDNEY

22.    On or about October 5, 2007, counsel for Plaintiffs inquired of counsel for Mark Tucker by email communication "whether Mark Tucker, Inc. has shipped the [PERSONAL IDENTITY STARLET shoe], or any shoe having a similar design, to any entity besides Sears". Responsive to the October 5 email, counsel for Mark Tucker wrote in an email dated October 8, 2007: "In response to your question, Mark Tucker, Inc. has not shipped the style shoe at issue, or any shoe having a similar design, to any entity other than Sears." A true and correct copy of this email exchange is attached as Exhibit E.

23.    On or about October 9, 2007, Plaintiffs became aware of the SYDNEY Shoe being sold by J.C. Penney.

24.    On information and belief, as of January 7, 2007, the SYDNEY Shoe was being offered for sale on www.jcpenney.com. Attached as Exhibit C are true and

correct copies showing J.C. Penney offers for sale of the SYDNEY Shoe on January 7, 2008.

25.    On or about October 12, 2007, Plaintiffs directly notified J.C. Penney by letter of its rights in the '038 Patent and of J.C. Penney's infringement of the '038 Patent by sale and/or offering for sale the SYDNEY Shoe.  A true and correct copy of the October 12 letter is attached as Exhibit F.

26.    Numerous times during August, September and October of 2007, demands were made by Plaintiffs, through counsel, to Mark Tucker and J.C. Penney that sales of the PERSONAL IDENTITY STARLET shoe and SYDNEY Shoe cease until the dispute between Plaintiffs and Defendants is resolved on a formal agreed basis.

27.    On or about October 31, 2007, Plaintiffs offered a settlement of Sears', J.C. Penney's and Mark Tucker's infringement of the '038 Patent.  The penultimate paragraph of this email reads:

> For the avoidance of doubt, this potential proposal does not circumvent our continued demand that no sales of accused shoes should be made until this matter is finally resolved, and that the continued sales during our dialog will be used as evidence of willful infringement if an agreed resolution is not reached.

A true and correct copy of the October 31, 2007 email is attached as Exhibit G.

28.    On information and belief, despite notice and repeated demands that Defendants cease selling the SYDNEY Shoe as part of attempts to reach mutually

agreeable settlement terms, Defendants have continued their infringing activities at least with regard to the SYDNEY Shoe.

29.    Upon information and belief, Defendants have been and are now making, using, offering for sale, selling, and/or importing into the United States shoes encompassed by the '038 Patent, including without limitation, selling the SYDNEY Shoe in New York City and elsewhere in the State of New York and this judicial district in violation of Plaintiffs' rights in the '038 Patent.

30.    Upon  information and belief, Defendants' commercial activities in the United States relating to the making, using, offering for sale, selling, and/or importing into the United States of the SYDNEY Shoe have continued and are continuing with knowledge of the '038 Patent, in spite of the objectively high likelihood that their actions constitute infringement of the '038 Patent or, at a minimum, in reckless disregard of Plaintiffs rights under the '038 Patent.  Such acts of infringement have therefore been intentional, deliberate and willful.

## COUNT  I

### DESIGN PATENT INFRINGEMENT OF U.S. PATENT NO. DES. 545,038

31.    Paragraphs 1 through 29 of this Complaint are incorporated as if set forth in their entirety here.

32.    Defendants have infringed and are still infringing the '038 Patent by manufacturing, importing, selling and/or offering for sale, at a minimum, the SYDNEY Shoe or other shoes which embody the subject matter claimed in the '038 Patent.

387969.1                              8

33.    Defendants' SYDNEY Shoe incorporates the novel, ornamental features of the design in Plaintiffs' '038 Patent.

34.    Plaintiffs' design features appropriated by Defendants' SYDNEY Shoe are not functional.

35.    The novel, ornamental features of the '038 Patent have been appropriated by Defendants' SYDNEY Shoe such that the purchaser would be deceived as to the source of the products.

36.    The novel, ornamental features of the '038 Patent appropriated by Defendants' SYDNEY Shoe render the Plaintiffs' CHITCHAT Shoe and the SYDNEY Shoe confusingly similar and likely to be confused by the relevant purchaser, giving the attention the purchaser normally gives.

37.    Upon information and belief, Defendant Mark Tucker has been aware of the '038 Patent since at least as early as August 28, 2007.

38.    Upon information and belief, Defendant J.C. Penney has been aware of the '038 Patent since at least as early as October 12, 2007.

39.    Upon information and belief, Defendants have knowingly and willfully infringed the '038 Patent.

40.    This is an exceptional case within the provisions of 35 U.S.C. §285 and, accordingly, Plaintiffs are entitled to an award of reasonable attorney's fees.

387969.1                                    9

41.    Plaintiffs have suffered monetary damage as a result of Defendants' acts complained of herein, in an amount thus far not determined.

42.    Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment that:

A.    This Court declares that Defendants have infringed U.S. Design Patent No. 545,038 ("the '038 Patent) and that such infringement has been willful;

B.    Defendants and their officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Defendants, be enjoined from making, using, offering for sale, selling, and/or importing into the United States shoes that infringe the '038 Patent;

C.    Plaintiffs be awarded Defendants' total profit from their infringement, pursuant to 35 U.S.C. §289 and that the damages be enhanced due to the willfulness of the infringement, in accordance with 35 U.S.C. §284;

D.    Plaintiffs be awarded damages adequate to compensate them for Defendants' infringement and that the damages be enhanced due to

387969.1

10

the willfulness of the infringement, in accordance with 35 U.S.C.

§284;

E.     Defendants be ordered to deliver up for destruction all shoes in their

possession, custody or control that infringe the '038 Patent;

F.     This case is exceptional under 35 U.S.C. §285 and that Plaintiffs be

awarded their costs and attorney's fees, pursuant to 35 U.S.C. §285;

and

G.     Plaintiffs be awarded such other and further relief as the Court

deems just and equitable.

## Jury Demand

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN, LLP
90 Park Avenue
New York, New York  10016
Telephone No.: (212) 336-8000

Attorneys for Plaintiffs,
Stuart Weitzman IP, LLC and
 Stuart Weitzman, LLC

Dated:   January 8, 2008          By: _____

Chester Rothstein (CR 1417)
Michael P. Kenney (MK 0740)

# Exhibit A



**‹ PREVIOUS**  **NEXT ›**    **Multiview**

$215.00    **Add to Shopping Bag**
SKU# 7341737
$215.00

- Great stylish peep-toe skimmers, perfect to dress up or down.
- Patent or linen uppers.
- Buckle details.
- Side cut out designs.
- Leather lined footbed.
- Stacked heel.
- Leather sole.
- 3/4" heel.

Product measurements were taken using size 6. Please note that measurements may vary by size.

# Coordinated Product

### Court

$335.00



- Carry this shoulder bag around town to match with any outfit.
- Made of patent leather or linen.
- **Measurements: 10 ¾" wide x 4 ¾" high.**
- Can be worn as a clutch or with the detachable shoulder strap. Shoulder drop: 9 1/4" length.
- Button snap closure.
- Interior lined with open back wall pocket.
- Made in Spain.

**Email a Friend**    **Print Page**

## CUSTOMER REVIEWS

Do you own this product? ( Stuart Weitzman Chitchat )
Write an online review and share your thoughts with other customers!

Chitchat
74% of Fit Survey respondents said this shoe "Felt a half size smaller than marked"
67% of Fit Survey respondents said this shoe "Felt narrower than marked"
70% of Fit Survey respondents said this shoe had "Moderate arch support"

Customer Rating/Review

Stuart Weitzman Chitchat
Number of reviews: 10
Average customer ratings:
Overall: ☆☆☆☆☆   Comfort: ☆☆☆☆☆   Look: ☆☆☆☆☆

*2007-09-11 12:58:32* Stuart Weitzman Chitchat



# Exhibit B

US00D545038S

(12) **United States Design Patent**  (10) Patent No.:  **US D545,038 S**
Weitzman et al.                         (45) Date of Patent:    ** Jun. 26, 2007

(54) **WOMAN'S SHOE**

(75) Inventors: **Stuart Weitzman**, Greenwich, CT (US); **Barbara Kreger**, New York, NY (US)

(73) Assignee: **Stuart Weitzman IP, LLC**, Fort Lauderdale, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: 29/277,173

(22) Filed: **Feb. 16, 2007**

(51) LOC (8) Cl. ................................. **02-99**
(52) U.S. Cl. ................................... **D2/971**
(58) Field of Classification Search .......... D2/925, D2/929, 932, 943, 969, 971
    See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D91,706 S | * | 3/1934 | Miller | D2/929 |
| D195,758 S | * | 7/1963 | Gould | D2/932 |
| D265,690 S | | 8/1982 | Famolare, Jr. | |
| D279,518 S | * | 7/1985 | Foldes | D2/932 |
| D452,605 S | * | 1/2002 | Jacobs | D2/929 |
| D511,242 S | | 11/2005 | Magro et al. | |
| D512,209 S | * | 12/2005 | Choi | D2/971 |

OTHER PUBLICATIONS

Ladies Shoe sold by Stuart Weitzman, LLC under the trademark OMEGA.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark BUCKBALLET.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark CHATROOM.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark SETTLEDOWN.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark BUCKLELO.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark CHATTER.

Ladies Shoe sold by Stuart Weitzman, LLC under the trademark SPRINGBUCKS.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark EDIT.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark STEPASIDE.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark BUCKLEUP.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark FAIRFIELD.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark BEBOP.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark CALTECH.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark HORSESET.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark BIGBUCK.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark CENTRALIA.
Ladies Shoe sold by Stuart Weitzman, LLC under the trademark MAKEABUCK.

(Continued)

*Primary Examiner*—Dominic Simone
(74) *Attorney, Agent, or Firm*—Amster, Rothstein & Ebenstein

(57)                **CLAIM**

The ornamental design for a woman's shoe, as shown and described.

**DESCRIPTION**

FIG. **1** is a top plan view of a woman's shoe showing our new design;

FIG. **2** is a right side view thereof;

FIG. **3** is a left side thereof;

FIG. **4** is a front end view thereof;

FIG. **5** is a back end view thereof; and,

FIG. **6** is a perspective view thereof.

**1 Claim, 5 Drawing Sheets**



B

## US D545,038 S

Page 2

### OTHER PUBLICATIONS

Ladies Shoe sold by Stuart Weitzman, LLC under the trademark MERGING.

Ladies Shoe sold by Amazon.com under the trademark Hype Women's Blast.

Ladies Shoe sold by Saks Fifth Avenue under the trademark Fendi Peep-Toe Pumps.

Ladies Shoe sold by Macy's under the trademark Alfani "Nolita" Peep-Toe Pump.

Ladies Shoe sold by Payless under the trademark "Krissy" Peep-Toe Wedge.

Ladies Shoe sold by LordAndTaylor.com under the trademark Franco Sarto Tap.

Ladies Shoe sold by Kenneth Cole New York under the trademark In The Mood.

Ladies Shoe sold by Calvin Klein under the trademark SELENNA.

Ladies Shoe sold by Celine under the trademark CELINE 373846.

Ladies Shoe sold by Gabriella Rocha under the trademark IMOGEN.

Ladies Shoe sold by Brunomagli under the trademark JULIET.

Ladies Shoe sold by Sergio Rossi under the trademark RAQUEL.

Ladies Shoe sold by L'Autre Chose under the trademark L'Autre Chose L6912.

Ladies Shoe sold by Circa under the trademark Joan 7 David Kyla.

Ladies Shoe sold by Zappos.com under the trademark Enzo Angiolini Iyona.

Ladies Shoe sold by Steve Madden under the trademark SPIRREL (Jan. 2007).

Ladies Shoe sold by Steve Madden under the trademark BREATHE (Jan. 2007).

Ladies Shoe sold by Stuart Weitzman under the trademark GLOTALLULAH.

* cited by examiner



**FIG. 1**



**FIG. 2**

**U.S. Patent**     Jun. 26, 2007     **Sheet 3 of 5**     US D545,038 S



**FIG. 3**



# FIG. 4



# FIG. 5



# FIG. 6

# Exhibit C



**JCPenney** Every Day Matters
jcp.com

customer service    order tracking    shopping bag
store locator    catalogs    today's store ad

| women | lingerie | juniors | SEPHORA | jewelry | shoes | men + young men |
| bed + bath | window | furniture | home accents | housewares | toys |

search: **go**    shop from our catalogs:   enter item #

Search Results for "peep toe" :

### Miss Bisou® 'Sydney' Patent Peep-toe Flat
**Was $45.00; Now $19.99**
Patent peep-toe flat with ornamental buckles.

- Synthetic upper
- Synthetic lining, sole
- Cushioned insole
- ½" stacked-look heel

▶ **size charts**

▶ **email to a friend**

⚙ larger image and other views

**Black Patent** is shown

Pick a Color and Size and Width

1    quantity    🗋 add to bag

The JCPenney Wedding Registry
▸ your happily ever after is here

home | other products & services | store locator | gift cards | catalogs | para ayuda | credit card | about us | contact us | copyright | privacy



**JCPenney** Every Day Matters®

jcp.com

customer service  |  order tracking  |  shopping bag
store locator  |  catalogs  |  today's store ad

| women | lingerie | juniors | SEPHORA | jewelry | shoes | men + young men |
| bed + bath | window | furniture | home accents | housewares | toys |

search: [go]          shop from our catalogs:  enter item #

## shopping bag

| product description | Price | Qty | Total |
|---|---|---|---|
| Miss Bisou® 'Sydney' Patent Peep-toe Flat Item# FC022-2703Q Black Patent - 6 - Medium | $19.99 | 1 | $19.99 |
| Miss Bisou® 'Sydney' Patent Peep-toe Flat Item# FC022-2703Q Red Patent - 6 - Medium | $19.99 | 1 | $19.99 |

**SUBTOTAL:** $39.98

## discounts

☐ **Yes, I have a Promotional Discount or Rewards Certificate**
If you have a promotion code, or customer rewards
coupon, please check the "yes" box.

**IN A HURRY?**
Save your shopping bag and
back to it later.

[ save bag ]  [ retrieve bag ]

[ continue shopping ]



[ proce ]

my account  |  return policy  |  shipping rates & options  |  checkout  |  payment options  |  secure shopping  |  privacy po

home  |  other products & services  |  store locator  |  gift cards  |  catalogs  |  para ayuda  |  credit card  |  about us  |  contact us  |

# Exhibit D

# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016
Main  212 336 8000
Fax   212 336 8001
Web   www.arelaw.com

**Partners**
Morton Amster
Jesse Rothstein *(1934 - 2003)*
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold

Kenneth M. Bernstein
Joseph M. Casino
Michael V. Solomita

*Senior Counsel*
Charles R. Macedo
John S. Economou
Marion P. Metelski

*Associates*
Patrick Boland*
Holly Pekowsky
Michael P. Kenney

Max Vern
Karl J. Kolbinger
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
Elie H. Gendloff, Ph.D.
David Mitnick
Charles W. Rath
David A. Boag
Matthieu Hausig
Jung S. Hahm
Reiko Kaji
Alan D. Miller, Ph.D.

Norajean McCaffrey
Benjamin H. Halpern*
Matthew A. Fox
Michael J. Kasdan
Rebecca R. Eisenberg
Jason M. Rockman
Stuart Shapley
Howard Wizenfeld
Steven B. Gauthier
Peter R. Vogel*
Brett M. Pinkus*

*Not admitted in New York*

August 10, 2007

Michael P. Kenney
Direct 212 336 8129
E-mail mkenney@arelaw.com

*via Federal Express*

Lynn Hudson Boone, Esq.
Sears Holdings Corporation
Assistant General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179
(847) 286-2500

Re:  Stuart Weitzman, LLC
Our File:  95100-0166

Dear Ms. Boone:

We represent Stuart Weitzman, LLC and related entities (collectively, "Stuart Weitzman") in its intellectual property matters.

The purpose of this letter is to put you on formal legal notice of our client's United States Design Patent No. D545,038 (the '038 Patent) a copy of which is attached hereto as Exhibit A.  Our client has offered for sale and sold a commercial embodiment of the '036 Patent under the style designation "CHITCHAT".

It has come to our client's attention that your company is offering for sale, through its Kmart subsidiary, a shoe design bearing the markings "Black Step-In", "Expressions" and "Footstar" and what we believe to be the style number 19742 (outside of box under picture of shoe, also on inside of shoe).  Also on the inside of the shoe is the number 025465732419.   The number 025465732419 appears on the sales receipt of a pair of purchased shoes.   In addition, the numbers 3064 and 0590 appear on the box adjacent the bar code and "Made in China" statement.  These shoes, also shown in an attached picture (Exhibit B) are hereinafter referred to as "the Infringing Shoes".  As can be seen from Exhibit B, the Infringing Shoes are virtual xerographic copies of the CHITCHAT shoes.

377255.1

D

Lynn Hudson Boone, Esq.                    -2-                    August 10, 2007

Stuart Weitzman's rights under the '038 Patent include the right to exclude others from making, using, selling or offering for sale in the United States any shoe covered by the claim of the '038 Patent. The Infringing Shoes obviously infringe the claim of the design patent. As such, Stuart Weitzman demands that all infringing activities by Sears Holding Corp. and its subsidiaries, including but not limited activities in Kmart stores, immediately cease and any existing inventory of the Infringing Shoes be destroyed.

Based on the time sensitive nature of this matter, please inform us as to your acceptance or rejection of the above outlined terms as soon as possible, but no later than four (4) business days from today, i.e. by August 16, 2007.

We also remind you of the remedies available to a patent owner under 35 U.S.C. §§284-285.

*Nothing in this letter is intended to waive our client's rights, all of which are expressly reserved.*

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Michael P. Kenney

MPK/cb
Attachments

cc:    Stuart Weitzman, LLC

Mr. Frank Kruszewski
KMart Corporation
3100 West Big Beaver Road
Troy, MI  48084-3163
*via Federal Express*

Mr. John Michael Robinson
President
Meldisco H.C., Inc.
933 Macarthur Blvd
Mahwah, NJ  07430
*via Federal Express*

377255.1

# Exhibit E

## Michael Kenney

| | |
|---|---|
| **From:** | William C. Dunning [WCD@gpslegal.com] |
| **Sent:** | Monday, October 08, 2007 4:01 PM |
| **To:** | Michael Kenney |
| **Cc:** | Jim Shoemake |
| **Subject:** | RE: Sears/Stuart Weitzman CHIT-CHAT (95100/166) |

Mr. Kenney,

I apologize for not getting back to you sooner, but my client cotact has been traveling to Europe and China. In response to your question, Mark Tucker, Inc. has not shipped the style shoe at issue, or any shoe having a similar design, to any entity other than Sears.

I await your response to my previous e-mail in light of this information.

Regards,

William Dunning

> -----Original Message-----
> **From:** Michael Kenney [mailto:mkenney@ARELAW.com]
> **Sent:** Friday, October 05, 2007 10:21 AM
> **To:** William C. Dunning
> **Cc:** Jim Shoemake; Carol Brown; Chester Rothstein
> **Subject:** Sears/Stuart Weitzman CHIT-CHAT (95100/166)
>
> Dear Mr. Dunning
>
> Thank you for your email.
>
> One further piece of information we will need to be able to consider your counter-offer is whether Mark Tucker, Inc. has shipped   If the answer is yes, please identify the customer and quantities shipped.
>
> Best regards,
>
> Michael P. Kenney, Esq.
> Amster, Rothstein & Ebenstein LLP
> 90 Park Ave.
> New York, NY 10016
> mkenney@arelaw.com
> (212) 336-8129
> (212) 336-8001

> **From:** William C. Dunning [mailto:WCD@gpslegal.com]
> **Sent:** Thursday, October 04, 2007 4:10 PM
> **To:** Michael Kenney
> **Cc:** Jim Shoemake
> **Subject:**
>
> Dear Mr. Kenney,

1/7/2008

E

We have discussed your client's position regarding the '038 Patent with Sears and, in response to your requests, offer the following proposal to Stuart Weitzman's claims. Please note that this is an offer to resolve a dispute among Stuart Weitzman, Sears and Mark Tucker, Inc., and is therefore to be treated with the confidentiality afforded such offers under Missouri state law.

That said, we propose the following arrangement: First, Mark Tucker, Inc. will agree not to produce any more pairs of the allegedly infringing shoe. Second, Mark Tucker, Inc. will agree not to ship any more pairs of the allegedly infringing shoe. (Note that Mark Tucker, Inc. has not produced or shipped any more of the shoe in question since we were first contacted about this matter.) Third, Sears will not order any more pairs of the allegedly infringing shoe from Mark Tucker, Inc. or any other shoe manufacturer. Sears will sell down the small number of shoes it has in stock (currently less than 3,500, I believe). In return, Stuart Weitzman will agree not to pursue any further action related to the alleged infringement of Stuart Weitzman's '038 patent by Sears and Mark Tucker, Inc.

Obviously, this language would need to be tightened up and properly memorialized in an agreement. If your client is agreeable, then I believe this matter can be resolved by a definitive agreement within a day or two, depending on your schedule.

Regards,

William Dunnning

********************************************************************************

This e-mail transmission and any attachments are intended only for the party to whom it is addressed and may contain privileged or confidential information. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this e-mail is prohibited. If you have received this e-mail in error, please contact the sender immediately by return e-mail or by telephone (212-336-8000) and delete all copies of the material. Thank you.

# Exhibit F

# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main   212 336 8000
Fax    212 336 8001
Web    www.arelaw.com

Partners
Morton Amster
Jesse Rothstein (1934 - 2003)
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold

Kenneth M. Bernstein
Joseph M. Casino
Michael V. Solomita

Senior Counsel
Charles R. Macedo
John S. Economou
Marion P. Metelski

Associates
Patrick Boland*
Holly Pekowsky
Michael P. Kenney

Max Vern
Karl J. Kolbinger
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
Elie H. Gendloff, Ph.D.
David Mitnick
Charles W. Rath
David A. Boag
Matthieu Hausig
Jung S. Hahm
Reiko Kaji
Alan D. Miller, Ph.D.

Norajean McCaffrey
Benjamin M. Halpern
Matthew A. Fox
Michael J. Kasdan
Rebecca R. Eisenberg
Jason M. Rockman
Stuart Shapley
Howard Wizenfeld
Steven B. Gauthier
Peter R. Vogel*
Brett M. Pinkus*

*Not admitted in New York

October 12, 2007

*via Federal Express*

Chester Rothstein
Direct 212 336 8050
E-mail crothstein@arelaw.com

Joanne Bober, Esq.
Executive Vice President
General Counsel and Secretary
J.C. Penney Corporation, Inc.
6501 Legacy Drive
Plano, Texas 75024
(972) 431-8200

Re:   Stuart Weitzman, LLC
<u>Our File:  95100-0174</u>

Dear Ms. Bober:

We represent Stuart Weitzman, LLC and related entities (collectively, "Stuart Weitzman") in its intellectual property matters.

The purpose of this letter is to put you on formal legal notice of our client's United States Design Patent No. D545,038 ("the '038 Patent") a copy of which we attach as Exhibit A. Stuart Weitzman has sold a commercial embodiment of the '038 Patent under the style designation "CHITCHAT".

It has come to Stuart Weitzman's attention that your company is offering for sale and selling a shoe design under the MISS BISOU brand and style designation "SYDNEY". The SYDNEY shoes are virtual xerographic copies of the CHITCHAT shoes and infringe the '038 Patent, as can be easily seen below:

382144.1

F

Mrs. Joanne Bober                    -2-                    October 12, 2007





CHITCHAT                                        SYDNEY



FIG. 6 OF '038 PATENT

Stuart Weitzman's rights under the '038 Patent include the right to exclude others from making, using, selling or offering for sale in the United States or importing into the United States, any shoe covered by the claim of the '038 Patent. The SYDNEY shoes obviously infringe the claim of the design patent. As such, Stuart Weitzman demands that all activities of J.C. Penney Corporation and its subsidiaries infringing the '038 Patent immediately cease and any existing inventory of infringing shoes, including but not limited to the SYDNEY shoes, be destroyed. Stuart Weitzman also demands a full disclosure as to the total units of SYDNEY shoes received by J.C. Penney on or after the June 26, 2007 issue date and a verified statement as to sales of the SYDNEY shoes by J.C. Penney on or after the June 26, 2007 issue date.

Based on the time sensitive nature of this matter, please inform us as to your acceptance or rejection of the above outlined terms as soon as possible, but no later than four (4) business days from today, i.e. by October 17, 2007.

382144.1

Mrs. Joanne Bober                           -3-                    October 12, 2007

    We also remind you of the remedies available to a patent owner under 35 U.S.C. §§284-285.

    *Nothing in this letter is* intended *to waive our client's rights, all of which are expressly reserved.*

        Very truly yours,

        AMSTER, ROTHSTEIN & EBENSTEIN LLP

        *for CPR.*

        Chester Rothstein

cc:  Stuart Weitzman, LLC

    Mrs. Michele Bohbot
    Bisou Bisou
    2140 E 25th St
    Los Angeles, CA 90058
    (323) 583-9273
    *via Federal Express*

    Mr. Ken C. Hicks
    President and Chief Merchandising Officer
    J.C. Penney Corporation, Inc.
    6501 Legacy Drive
    Plano, Texas 75024
    *via Federal Express*

382144.1

**Exhibit G**

## Michael Kenney

| | |
|---|---|
| **From:** | Chester Rothstein |
| **Sent:** | Wednesday, October 31, 2007 5:22 PM |
| **To:** | 'frank.m.gasparo@bakernet.com' |
| **Cc:** | Chester Rothstein; Michael Kenney |
| **Subject:** | Stuart Weitzman v. Mark Tucker (Sears and Penney re Chitchat DP Infringement) |
| **Attachments:** | FW: Sears/Stuart Weitzman CHIT-CHAT (95100/166) |

Dear Frank:

As an initial matter, we attach a copy of the email string I told you about where on October 8 your client unequivocally and falsely advised that it did not sell the accused shoe to any entity other than Sears. We are confident that you can appreciate that our subsequent fortuitous investigations of Penney's infringement raises concerns about your client's truthfulness and whether its infringement was willful.   Please confirm that no sales of of shoes having the same or a similar design were sold to any entities other than Sears and Penney.

Please also confirm our understanding that:

Sears received 6,000 accused pairs of shoes from Mark Tucker, and Sears is currently holding 3,700 pairs in inventory; and

Penney received 33,000 accused pairs of shoes from Mark Tucker, and as of October 26 had approximately 16,000 in inventory.

Our client is willing to resolve this dispute on the following general basis (this offer is not binding, and remains subject to approval of all parties to the terms of a written Settlement Agreement):

(1) Mark Tucker and Sears and Penney agree for the future not to offer for sale of sell the accused shoe or any shoe having the same or substantially similar design; and

(2) either (i) Penney and Sears may sell their disclosed inventory on payment (monthly basis) to SW of one half of gross retail sales for all sales of accused shoes after notice was received by each; or (ii) destruction of all inventory and payment of one half of gross retail sales for any accused shoes sold in the window between notice and destruction of remaining inventory; and

(3)  All sales by Mark Tucker, Sears, and Penney prior to notice will be released.

Please let us know which option in No. 2 is acceptable, and we will draft a form of Agreement for your review.

For the avoidance of doubt, this potential proposal does not circumvent our continued demand that no sales of accused shoes should be made until this matter is finally resolved, and that the continued sales during our dialog will be used as evidence of willful infringement if an agreed resolution is not reached.

We hope to hear from you shortly.


Chester Rothstein, Esq. (crothstein@arelaw.com)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
Direct Tel:  212-336-8050
Main Tel:  212-336-8000

1/7/2008

Fax: 212-336-8001